# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSEPH AND SAMANTHA CANESTRO, et al.<br><br>v.<br><br>BEAZER HOMES, USA, INC. | CIVIL ACTION<br><br>NO. 19-3675 |
|---|---|

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                          November 25, 2019

Plaintiffs are owners of over thirty homes ("Homeowners"). They are suing the developers (Beazer) for alleged defects in those homes. Some of the homes are still owned by those who originally bought them from Beazer. (Their owners are the "Original Homeowners.") Others have passed through more than one owner. (Their owners are the "Subsequent Homeowners.") The Homeowners' claims arise under the Purchase and Sale agreements ("P&Ses"), the Limited Warranties,[1] and in tort.

Beazer moves to dismiss on the grounds that, per the terms[2] of the P&Ses and Limited Warranties, the whole suit must be arbitrated.[3] The Court agrees, as to arbitration, and will stay the case but not dismiss it.

---

[1] The Limited Warranties are subordinate agreements provided pursuant to the P&Ses.

[2] There are several different versions of the P&Ses. Def. Mem. at 3 & n.4, 4 & n.5. For the purposes of this Motion, the P&Ses' arbitration clauses are comparable.

[3] Beazer's Motion to Dismiss is styled as a 12(b)(1) motion. See Def. Mem. at 1, 6–7. Arbitration agreements are defenses, not bars to jurisdiction. See Lloyd v. HOVENSA, LLC, 369 F.3d 264, 272 (3d Cir. 2004); Nationwide Ins. Co. of Columbus, Ohio v. Patterson, 953 F.2d 44, 45 n.1 (3d Cir. 1991). Rather than addressing these precedential Third Circuit cases, Beazer cites ED Pa. and non-precedential Third Circuit cases for the proposition that dismissal under 12(b)(1) is proper. At oral argument, Beazer agreed that these precedential cases apply. The Court can properly treat the motion as a 12(b)(6) motion. Failing to raise a 12(b)(6) argument on a motion to dismiss does not waive it. See Fed. R. Civ. Pro. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised" despite being omitted from a Rule 12

The Homeowners respond that the arbitration clauses are unconscionable: substantively unconscionable, because the arbitration procedures are intended and designed to benefit only Beazer; and procedurally unconscionable, because the contracts are contracts of adhesion. In the alternative, they contend that even if the Court agrees that arbitration is appropriate, it should stay the litigation rather than dismissing it.

The claims clearly come within the substantive scope of the P&Ses' and (ten year) Limited Warranties' arbitration clauses. Although both clauses' scopes are broad enough to reach the claims at issue,[4] there are two key differences:

- Only the Limited Warranty contains a clause which clearly binds the Subsequent Homeowners. See Def. Mem. Ex. D § VIII.B. There is no comparable clause in the P&S. Nor does Beazer's briefing ever explicitly contend that the P&Ses bind the Subsequent Homeowners. At oral argument, Beazer agreed that the P&Ses do not bind the Subsequent Homeowners.

- The Limited Warranty also provides that "[a]ny dispute concerning the interpretation of this arbitration provision or the arbitratability [sic] of any issue" is subject to binding

---

motion.); cf. Nationwide Ins. Co. of Columbus, Ohio, 953 F.2d at 45 n.1 (noting that District Court improperly treated motion to dismiss and compel arbitration as 12(b)(1) motion rather than 12(b)(6) motion, but concluding that the distinction was immaterial).

[4] As an example, one P&S provides for the arbitration of "any and all claims or disputes between Buyer and Seller . . . arising of or relating, directly or indirectly, to this Agreement or the Unit . . . whether in tort or in contract, relating in any way to the development, design, construction, workmanship, building techniques and related elements (if any), or the marketing, financing, sale or transfer of title to the Unit." See Def. Mem. at 2–3 & n.4 (quoting Def. Mem. Ex. A §§ 28A, 28B). The Limited Warranties provide for the arbitration of "any claim, controversy or dispute . . . which relates to or arises from this LIMITED WARRANTY, *or* the design or construction of the HOME or the COMMON ELEMENTS, *or* the sale of the HOME or transfer of title to the COMMON ELEMENTS . . . ." See Def. Mem. at 4–5 & n.5 (quoting Def. Mem. Ex. C § VII.)

arbitration. See Def. Mem. Ex. D § VII.F. There is no apparent comparable clause in the P&Ses.

Some of the arbitration clauses provide for appeals to an arbitration review panel, see Def. Mem. Ex. B § 21(a), while others provide that the award of the arbitrator is final, see Def. Mem. Ex. A § 28A, Ex. D § VII. As the Court stated at the oral argument this date, that if the agreements do not specify as to the entity that would hear any appeals, then this Court would likely appoint arbitrators from this Court's arbitration panel to determine any appeal.

Because of the breadth of the Limited Warranties' arbitration clauses, and because the Limited Warranties commit decisions about arbitrability to the arbitrator, the Court will order the parties into arbitration and allow the arbitrator to determine which claims are arbitrable and under which agreement. See Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 531 (2019) (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 994 (1995)).

As also stated at oral argument this date, the parties shall proceed, at least initially, under the terms of the Limited Warranty which presumably covers all claims and applies to both the original homeowners and the subsequent homeowners and designates MARS as administrator to have the arbitrator selected and to arrange for the hearing. As the Court also stated, procedural fairness and transparency as to the selection process, and the contents of the hearing are essential. There is no reason for the Court to doubt that the arbitrators will render a fair result based on the evidence that is produced at the hearing and the contents of the governing documents, and Pennsylvania law.

Per Third Circuit precedent, this case must be stayed rather than dismissed during arbitration. See Lloyd, 369 F.3d at 270–71.

Therefore, the Court will enter an order of arbitration and place the case in suspense for six months and direct the parties to attempt to resolve all these claims within that time period.

O:\CIVIL 19\19-3675 Canestro v Beazer Homes\19cv3675 Memorandum re MTD.docx